# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 30, 2022

Peter J. Walsh, Jr., Esquire
Kevin R. Shannon, Esquire
Christopher N. Kelly, Esquire
Mathew A. Golden, Esquire
Callan R. Jackson, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801

Edward B. Micheletti, Esquire
Lauren N. Rosenello, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
920 N. King Street, 7th Floor
P.O. Box 636
Wilmington, DE 19899-0636

Brad D. Sorrels, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

> Re: *Twitter, Inc. v. Elon R. Musk et al.*,
> C.A. No. 2022-0613-KSJM

Dear Counsel:

This letter decision resolves the discovery issues raised by Defendants Elon R. Musk, X Holdings I, Inc., and X Holdings II, Inc. ("Defendants") in their September 7, 2022 letter, which I refer to as Defendants' "Fifth Discovery Motion."[1] Plaintiff Twitter, Inc. ("Plaintiff") filed its opposition on September 14, 2022.[2] I issued a letter concerning

---

[1] C.A. No. 2022-0613-KSJM, Docket ("Dkt.") 422 ("Defs.' Fifth Disc. Mot.").

[2] Dkt. 499 ("Opposition").

Defendants' Fifth Discovery Motion on September 22, 2022 (the "First Letter Decision"),[3] and heard oral argument on September 27.[4]

Defendants' Fifth Discovery Motion raised four issues.[5] Of the four, I denied one in the First Letter Decision;[6] the parties mooted one before the September 27 hearing;[7] and the parties then appear to have mooted another shortly after the September 27 hearing.[8] Only one issue remains—whether to compel Plaintiff to produce or log additional documents containing the terms mDAU, UAM, or stickiness.[9]

I refer readers to the First Letter Decision, which sets out the relevant facts and arguments concerning this issue.[10]

With respect to mDAU, Defendants argue that Plaintiff failed to produce a large proportion of the documents its custodians possessed that contain the search term "mDAU," suggesting that that Plaintiff is withholding responsive documents.[11]

---

[3] Dkt. 579 ("First Letter Decision").

[4] *See* Transcript of September 27, 2022 Oral Argument and Partial Rulings on Miscellaneous Motions ("Sept. 27 Tr.") (to be docketed).

[5] *See* First Letter Decision at 2 (listing four issues).

[6] First Letter Decision at 7–8.

[7] *See* Sept. 27 Tr. at 18:9–15.

[8] Dkt. 656; *see also* Sept. 27 Tr. 23:7–14, 52:3–54:4.

[9] A note regarding the terms: "mDAU" means monetizable daily active users; "UAM" means user active minutes; and "stickiness" is a metric used by Plaintiff to calculate the number of either DAU or mDAU relative to the corresponding Monthly Active Users ("MAU") equivalent.

[10] *See* First Letter Decision at 2–4.

[11] Opposition at 2–4.

Defendants also point to Plaintiff's previous erroneous redactions of Slack messages discussing mDAU as further evidence of this point.[12]

As relief, Defendants ask that I compel Plaintiff to produce "all nonprivileged documents containing the search term 'mDAU' within ten of the search term 'revenue."[13] They further request that I required Plaintiff to confirm that it has produced "all documents containing the search term 'mDAU' that were sent to the board of Twitter, or C-suite employees of Twitter, or business heads of Twitter have already been produced."[14]

Defendants' motion to compel Plaintiff to produce other mDAU documents is denied. Plaintiff never agreed and I never ordered Plaintiff to produce every single document using the term mDAU. The statistics cited by Defendants concerning responsive documents do not give rise to an inference of discovery misconduct.

Defendants' request for further representations from Plaintiff is granted. During oral argument, Plaintiff represented it had "produce[d] all documents that relate to Twitter's belief that mDAU is a key metric," despite a statement to the contrary in its opposition briefing.[15] Plaintiff also assured the court that its "instructions to the review team were to review and to produce documents that relate to mDAU as a key metric,"[16]

---

[12] *Id.* at 4–5.

[13] Sept. 27 Tr. at 34:8–12.

[14] Sept. 27 Tr. at 34:8–17.

[15] *Id.* at 34:20–35:14 (discussing Opposition at 7).

[16] *Id.* at 37:14–20.

but that it "drew the line" at producing "every document that talks about mDAU."[17]

Plaintiff further represented that it "would have produced" all "board-level documents

containing a discussion of . . . mDAU."[18] Plaintiff did not speak definitively as to whether

it had produced all "board-level communications about mDAU [and] C suite and business

head-level communications about mDAU."[19] Plaintiff's counsel shall file on or before

Tuesday, October 4, 2022, a narrative describing in full its efforts to collect and produce

documents concerning mDAU and addressing the concerns raised by Defendants in their

Fifth Discovery Motion.

Defendant's motion as to "UAM" and "stickiness" is denied. I will not rehash their

arguments here; again, they are summarized in the First Letter Decision and were detailed

during the September 27 argument.[20] The crux of Defendants' argument is a concern that

Plaintiff's approach results in a "judgment call" in distinguishing between documents that

merely contain the terms "UAM" or "stickiness" and those that discuss them substantively,

resulting in a narrower production than the Order entered on August 25, 2022, intended.[21]

It is understandable that a party to high-stakes litigation might be concerned over

their adversary's judgment calls throughout discovery. Defendants, however, have

---

[17] *Id.* at 37:21–23.

[18] *Id.* at 45:8–17.

[19] *See* Aug. 24 Tr. at 55:16–56:8.

[20] *See* Sept. 27 Tr. at 38:4–51:22.

[21] *See id.* 46:23–47:7; *see also id.* 49:14–50:10 (raising concerns regarding the number of documents hitting on "stickiness" and not produced by Plaintiff).

provided no compelling reason for me to share their concern. They again cite to counts of hit percentages and documents produced in discovery.[22] The statistics are not so alarming as to suggest misconduct, the documents produced thus far suggest that Plaintiff has appropriately produced relevant discovery, and Plaintiff went so far as to re-review certain categories of documents to allay any concerns.[23] Plaintiff has done enough.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc: All counsel of record (by *File & ServeXpress*)

---

[22] *See* Defs.' Fifth Disc. Mot. at 2–8; Sept. 27 Tr. at 24:24–25:4.

[23] *See* Sept. 27 Tr. at 44:13–20, 46:1–20, 51:14–22 (discussing re-review).